UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DEBORAH R. COLE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 11-1494 (RMC) |
| THE BOEING COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

MEMORANDUM OPINION

Fired from her position with The Boeing Company ("Boeing") in the Commonwealth of Virginia, Deborah R. Cole filed suit in the Superior Court of the District of Columbia on July 18, 2011, complaining of gender discrimination and retaliation in the District of Columbia and Virginia in violation of the D.C. Human Rights Act ("DCHRA"), D.C. Code § 2-1401.01 *et seq.* The complaint made no mention of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, although Ms. Cole had filed a charge with the Equal Employment Opportunity Commission ("EEOC") and received a right-to-sue letter. Boeing removed the case to federal court and on March 1, 2012, this Court dismissed all but one aspect of the complaint, in the main because the DCHRA does not cover alleged actions in Virginia. *See Cole v. Boeing Co.*, 845 F. Supp. 2d 277 (D.D.C. 2012). Only Ms. Cole's claim for retaliation under the DCHRA based on facts occurring in the District of Columbia remained.

Ms. Cole filed a motion for reconsideration, Dkt. 17, which this Court denied. *See* Order [Dkt. 20]. She also filed a Motion to Amend as of Right, or in the Alternative, Motion for Leave to File an Amended Complaint, Dkt. 14, which has been fully briefed and is pending decision. In essence, Ms. Cole seeks to add federal law, Title VII, as a statutory ground for her

1

complaint and thus encompass the Virginia actions. Ms. Cole's motion is proper only to the extent that the Court denied Boeing's motion to dismiss as to the DCHRA—i.e., Ms. Cole may amend the complaint to assert a Title VII claim based on her claim of retaliation arising from events that took place in the District of Columbia. The Court will deny the Motion to Amend/Correct Complaint in all other respects.

## I. FACTS

The proposed amended complaint, Exhibit to Dkt. 14, has been pared to 408 paragraphs from 418 after the Court's partial grant of Boeing's motion to dismiss. Ms. Cole now seeks to assert three counts: Count I, discrimination based on sex in violation of Title VII on disparate treatment and hostile work environment theories; Count II, retaliation in violation of Title VII; and Count III, retaliation in violation of the DCHRA. The 385 paragraphs of factual allegations are almost identical to those in the original complaint and fall into three groups, now labeled "parts" instead of "phases." Part A, paragraphs 46–122, details Ms. Cole's "employment with Boeing while working as a contractor at the Washington, D.C. Navy Yard facility for the federal agency the National Geospatial-Intelligence Agency ["NGA"]." Proposed Am. Compl. ¶ 2. Part B, paragraphs 123–61, includes allegations that occurred while Ms. Cole was "working as a contractor at the NGA Virginia Facility." *Id.* ¶ 4. Part C, paragraphs 162–385, involves events that occurred while Ms. Cole was stationed at Boeing's facility in Springfield, Virginia. *See id.* ¶ 5. All three counts are written as applying to all of Ms. Cole's factual allegations.[1]

---

[1] Ms. Cole states that Count III is "specifically tailored for the retaliatory acts in Washington D.C. only [FN] as per the opinion of this Court. [FN: If this was unclear from the FAC, we hope it is clear now.]" Pl. Reply, [Dkt. 16], at 2 & n.4. Contrary to Ms. Cole's assertion, proposed Count III complains generally of "Defendant Boeing's acts of retaliation," Proposed Am. Compl. ¶ 406, and is in no way tailored to apply only to the facts in Part A. Doing so would have been a better use of Ms. Cole's counsel's resources and the Court's time than, for example, citing George Harrison's commentary on the band Oasis, *see* Pl. Reply at 1 n.1.

2

## II. AMENDMENT AS A MATTER OF COURSE UNDER FEDERAL RULE OF CIVIL PROCEDURE 15(A)(1)

Ms. Cole first seeks to file an amended complaint as of right under Federal Rule of Civil Procedure 15(a)(1). Citing *Nattah v. Bush*, 605 F.3d 1052, 1056 (D.C. Cir. 2010), she argues that Boeing filed a motion to dismiss, not an answer, so that she has the right to file an amended complaint under Federal Rule of Civil Procedure 15(a)(1). Mem. Supp. Pl. Mot. Am. [Dkt. 14] ("Pl Mem.") at 4–5.

Boeing argues that Ms. Cole's motion is untimely as an amendment of right under Rule 15(a)(1). *See* Def.'s Opp'n Pl.'s Mot. Amend. [Dkt. 15] ("Def. Mem.") at 4–5. It argues that Rule 15(a) was amended in 2009, before the complaint was filed in this matter, to clarify that "a party may amend its pleading once as a matter of course within (A) 21 days after serving it; or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading *or 21 days after service of a motion under Rule 12(b),* (e), or (f), whichever is earlier." Def. Mem at 4 (emphasis added). Boeing filed its motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) on August 25, 2011. Boeing asserts that *Nattah v. Bush* is inapplicable because the complaint in that case was filed before 2009 and, thus, before Rule 15(a)(1) was amended.

The Court agrees with Boeing that Ms. Cole cannot amend her complaint as a matter of right. Rule 15(a) was amended before she initiated this action and, more importantly perhaps, before it was transferred to federal jurisdiction when Boeing removed it from Superior Court. *See Nattah*, 605 F.3d at 1055 n.2 (noting that the amendment to Fed. R. Civ. P. 15(a) was effective December 1, 2009). Ms. Cole does not argue otherwise in her Reply, Dkt. 16, and the Court treats the point as conceded. *See, e.g.*, *United States v. Real Prop. Identified as: Parcel 03179-005R*, 287 F. Supp. 2d 45, 61 (D.D.C. 2003) (collecting cases concluding that a party

3

concedes an argument raised by an opposing party's memorandum by filing a responsive memorandum that neglects to address the argument).  Accordingly, the rules now require Ms. Cole to obtain "the opposing party's written consent or the court's leave" before she can amend her complaint.  *See* Fed. R. Civ. P. 15(a)(2).  Because she does not have the former, the Court next considers whether to grant the latter.

### III.     PERMISSIVE AMENDMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 15(A)(2)

Alternatively, Ms. Cole argues that, because leave to file an amended complaint must be "freely given when justice so requires" under Federal Rule of Civil Procedure 15(a)(2), the Court should grant her motion in this instance or else she "will have no recourse for acts occurring in Virginia."  Pl. Mem. at 4 (citing *Harris v. District of Columbia*, 756 F. Supp. 2d 25, 29 (D.D.C. 2010)).  Ms. Cole also observes that there has been no entry of final judgment in this case.  *Id.* (citing, *inter alia*, *Ciralsky v. CIA*, 355 F.3d 661, 672 (D.C. Cir. 2004)).

Boeing argues first that Counts I and II of the proposed amended complaint are futile because the District of Columbia is not the proper venue for Ms. Cole's claims based on evens that "occurred only in Virginia."  Def. Mem. at 6.  In the alternative, Boeing asserts that proposed Count I is futile for failure to state a claim under Title VII because Ms. Cole does not assert that "alleged discriminatory conduct in Virginia (Parts B and C) was because of [Ms.] Cole's gender" and that her allegations in Part B and C do not state a hostile work environment claim.  *Id.* at 10–11.  Finally, according to Boeing, Count III is deficient because it "alleges retaliation in violation of the DCHRA for conduct in *both* the District of Columbia and Virginia" despite the prior dismissal of Ms. Cole's DCHRA claims based on conduct occurring in Virginia. *Id.* at 12.

The standard for decades has been that "[w]hen evaluating whether to grant leave to amend, courts consider (1) undue delay; (2) prejudice to the opposing party; (3) futility of the amendment; (4) bad faith; and (5) whether the plaintiff has previously amended the complaint." *Howell v. Gray*, 843 F. Supp. 2d 49, 54 (D.D.C. Feb. 14, 2012) (citing *Atchinson v. District of Columbia*, 73 F.3d 418 (D.C. Cir. 1996) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)). "Courts generally consider the relation of the proposed amended complaint to the original complaint, favoring proposed complaints that do not 'radically alter the scope and nature of the case.'" *Smith v. Cafe Asia*, 598 F. Supp. 2d 45, 48 (D.D.C. 2009) (quoting *Miss. Ass'n of Coops. v. Farmers Home Admin.*, 139 F.R.D. 542, 544 (D.D.C. 1991)).

The Court will treat the motion to amend the complaint in four parts: (1) proposed Counts I, II, and III, to the extent that they rely on the factual allegations in Parts B and C; (2) proposed Count I, to the extent that it relies on the factual allegations in Part A; (3) proposed Count II, to the extent that it relies on the factual allegations in Part A; and (4) proposed Count III, to the extent that it relies on the factual allegations in Part A. For the reasons set forth below, the Court concludes that the proposed amended complaint is deficient except to the extent that Ms. Cole seeks to add a Title VII claim to her DCHRA retaliation claim based on conduct that allegedly occurred in the District of Columbia—i.e., the events in Part A of the proposed amended complaint.

### A. Proposed Counts I, II, and III, Based on Parts B and C

To the extent that all three counts of the proposed amended complaint rely on the factual allegations in Parts B and C, the proposed amended complaint is flawed. First, as to Count III, the Court has already held that it lacks subject matter jurisdiction to adjudicate DCHRA claims based on conduct occurring anywhere but within the District of Columbia. *See*

*Cole*, 845 F. Supp. 2d at 285 ("Because these acts did not take place 'in the District of Columbia,' and because neither the decision to act, nor the effects of the acts were felt in the District of Columbia, the Court lacks jurisdiction under the DCHRA to adjudicate Ms. Cole's claims based upon conduct that occurred after she left the District." (citations omitted)).

Second, to the extent that Counts I and II derive from the factual allegations in Parts B and C, the Court concludes that Ms. Cole should not be permitted to amend her Complaint because amendment would be futile. The question is not, as under the DCHRA,[2] whether Title VII extends to Virginia—it clearly does. The question is whether the District of Columbia is the proper venue for a Title VII claim based on events in Virginia under the "particular venue provision contained in 42 U.S.C. § 2000e-5(f)(3)." *Dehaemers v. W. Wynne*, 522 F. Supp. 2d 240, 247 (D.D.C. 2007) (finding amendment under Title VII futile where District of Columbia was improper venue); *see also Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996) (concluding that court properly denied amendment when there was "little chance of a successful Title VII claim").

Under 42 U.S.C. § 2000e-5(f)(3), venue for a Title VII claim is proper in four possible districts: "in [1] any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, [4] but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office." *James v.*

---

[2]   *See Cole*, 845 F. Supp 2d at 284 ("The DCHRA is not extraterritorial; it does not and cannot secure an end to discrimination in jurisdictions outside of the District of Columbia.") (citing, *inter alia*, *Monteilh v. AFSCME, AFL–CIO*, 982 A.2d 301 (D.C. 2009)).

*Booz-Allen*, 227 F. Supp. 2d 16, 20 (D.D.C. 2002); *see also Stebbins v. State Farm Mut. Auto. Ins. Co.*, 413 F.2d 1100, 1102 (D.C. Cir. 1969) (noting that it is "clear" that Congress intended to restrict Title VII venue "to the judicial district concerned with the alleged discrimination").

The events in Parts B and C of the proposed amended complaint occurred in Virginia, not the District of Columbia, and thus venue is not proper as to those events on the basis that this judicial district is where "the unlawful employment practice is alleged to have been committed." *See* 42 U.S.C. § 2000e-5(f)(3). Boeing has submitted an affidavit from Tara Henning, Human Resource Generalist for Boeing, to which Ms. Cole makes no contrary argument, that Ms. Cole's electronic employment records "are maintained and administered" on a server in St. Louis, Missouri, not the District of Columbia. *See* Henning Aff., Def. Mem. Ex. A [Dkt. 15-1], ¶ 10. There is no dispute that Boeing's principal office is in Chicago, not the District of Columbia. *See id.* ¶ 11. None of these factors on which venue might rest is contested. Ms. Cole's argument that venue in the District of Columbia is proper is only correct if she would have worked in this district "but for the alleged unlawful employment practice." *See* 42 U.S.C. § 2000e-5(f)(3).

Ms. Cole misperceives the applicability of the third venue factor for Title VII cases, however. It was designed to address instances of discrimination in which the complainant is in a different district than the defending employer, such as an applicant for a job. That fact pattern is very removed from this one, where Boeing is in both the District of Columbia and Virginia. *See, e.g.*, *Quarles v. Gen. Inv. & Dev. Co.*, 260 F. Supp. 2d 1, 9 (D.D.C. 2003) (finding venue proper when, "if [plaintiff] had been offered the position she applied for, she would have worked . . . in the District of Columbia"). As described in the proposed amended complaint, there are two venues in which Ms. Cole allegedly suffered illegal treatment: first, the District of

Columbia, where a retaliatory decision was made to transfer her to Virginia, and, second, the Commonwealth of Virginia, where she encountered a hostile working environment and was discharged.  The District of Columbia-based allegations of retaliation remain before this Court.  Ms. Cole may have an argument that without the retaliatory transfer decision, she would remain working for Boeing in the District of Columbia.  That argument, however, is an entirely different factual and legal matter from the one she posits, i.e., without the hostile environment and/or discharge in Virginia ("the alleged unlawful employment practice[s]"), she would still be working in the District of Columbia.  This latter argument has no support in the proposed amended complaint, her arguments, or the law.  *See Spencer v. Rumsfeld*, 209 F. Supp. 2d 15, 18 (D.D.C. 2002) (rejecting plaintiff's argument that venue was proper in the District of Columbia because "even if [defendant] had promoted the plaintiff, he would have remained in Arlington, Virginia"); *see also Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d 274, 277 (D.D.C. 2002) ("[V]enue cannot lie in the District of Columbia when 'a substantial part, if not all, of the employment practices challenged in this action' took place outside the District even when actions taken in the District 'may have had an impact on the plaintiff's situation." (quoting *Donnell v. Nat'l Guard Bureau*, 568 F. Supp. 93, 94 (D.D.C. 1983)).

      Ms. Cole pleads that the interests of justice support her proposed amended complaint because she will otherwise have no way to remedy the Title VII violations that occurred in Virginia.  Her plea cannot overcome the clarity of Title VII's special venue provision.[3]

---

[3]  The Court notes that the EEOC can be found in Virginia as well as the District of Columbia, had Ms. Cole filed a timely charge in that office for the alleged Virginia events.

### B. Proposed Count I Based on Part A

Ms. Cole cannot proceed on proposed Count I, discrimination based on sex in violation of Title VII, relying on the allegations in Part A. The Court already dismissed all of her discrimination and hostile work environment claims with prejudice for failure to state a claim under the DCHRA. *See Cole*, 845 F. Supp. 2d at 285, 287. Because courts interpret the DCHRA and Title VII coextensively, *e.g.*, *Elhusseini v. Compass Group USA, Inc.*, 578 F. Supp. 2d 6, 18 (D.D.C. 2008), and Ms. Cole cannot resurrect the dismissed claims by attempting to change the statutory basis underpinning them, amendment would be futile.

### C. Proposed Count II Based on Part A

The Court's conclusion is different, however, to the extent that Ms. Cole seeks to assert a Title VII retaliation claim based on conduct occurring exclusively in the District—i.e., to the extent that Count II relies on the allegations in Part A of the proposed amended complaint. Venue is proper in this Court under 42 U.S.C. § 2000e-5(f)(3) because the District of Columbia is where the retaliatory acts were allegedly committed. Moreover, amendment is permissible because there is no prejudice to Boeing, which was already on notice that this limited portion of Ms. Cole's case would proceed under the DCHRA. *See Howell*, 843 F. Supp. 2d at 54 (setting forth factors courts consider as to whether to permit amendment). "The legal standard for establishing discrimination under the DCHRA is substantively the same as under Title VII." *Elhusseini*, 578 F. Supp. 2d at 18 (citing *Sparrow v. United Air Lines Inc.*, 216 F.3d 1111, 1114 (D.C. Cir. 2000)). Moreover, Boeing did not argue specifically in its opposition that proposed Count II was deficient to the extent that it relied on the facts asserted in Part A. *See* Def. Mem. at 8 (focusing arguments on Part B and C of the proposed amended complaint). Accordingly, the

Court will grant Ms. Cole leave to amend her complaint to add a Title VII claim to her DCHRA claim based on the facts alleged in Part A.

### D. Proposed Count III Based on Part A

Ms. Cole's proposed Count III—DCHRA retaliation—is the sole claim the Court permitted to proceed in its first opinion. *See Cole*, 845 F. Supp. 2d at 287–88. However, as the Court made clear in the first instance seven months ago, for Ms. Cole to go forward, this claim must be tailored to the factual allegations occurring in the District of Columbia.

### IV. CONCLUSION

As set forth above, the Court concludes that granting leave to Ms. Cole to amend her complaint is only appropriate to the extent that Ms. Cole seeks to add Title VII to the DCHRA as a statutory ground for her claim that Boeing retaliated against her through events occurring in the District of Columbia. Ms. Cole's motion is denied in all other respects.

Accordingly, Ms. Cole shall file an Amended Complaint in compliance with this Memorandum Opinion and the accompanying Order. The Amended Complaint shall omit the factual allegations regarding conduct in Virginia—i.e., paragraphs 123 through 385 of the proposed amended complaint. The Amended Complaint shall include only Count One, retaliation in the District of Columbia in violation of Title VII; and Count Two, retaliation in the District of Columbia in violation of the DCHRA.

A memorializing Order accompanies this Memorandum Opinion.


DATE: November 1, 2012

                                              /s/
                                   ROSEMARY M. COLLYER
                                   United States District Judge